**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| **JOHN DELLAVECCHIO,**<br><br>Plaintiff,<br><br>**v.**<br><br>**CLEVELAND-CLIFFS, INC.**<br><br>Defendant. | **CIVIL ACTION**<br><br>**NO. 22-4932** |
|---|---|

**MEMORANDUM RE: DEFENDANT'S MOTIONS TO DISMISS**

**Baylson, J.** **May 30, 2023**

## I. STATEMENT OF FACTS

Plaintiff John DellaVecchio, a Pennsylvania resident, brings two claims against Defendant Cleveland Cliffs Steel LLC, headquartered in Ohio (incorrectly identified as Cleveland-Cliffs, Inc. in the Second Amended Complaint), alleging discrimination in violation of the Pennsylvania Medical Marijuana Act and in violation of Pennsylvania public policy. 2nd Am. Compl. (ECF 14) at 1, ¶ 49; 3rd Mot. to Dismiss (ECF 16) at 1.

The facts as alleged in the Second Amended Complaint are as follows. Plaintiff suffers from a serious medical condition as defined by Pennsylvania Medical Marijuana Act ("PMMA"), 35 P.S. § 10231.101 *et seq*. 2nd Am. Compl. ¶ 11. To treat that condition, on or around February 11, 2021, the Pennsylvania Department of Health certified Plaintiff to be prescribed medical marijuana by Plaintiff's physician. Id. ¶ 12-13. Plaintiff alleges that this prescription was valid from February 11, 2021 to the present. Id. ¶ 13.

In April 2022, Plaintiff interviewed for a position at one of Defendant's facilities. 2nd Am. Compl. ¶ 14. In May 2022, he was offered, and accepted, a position as an Associate Engineer –

Process Automation Co-op with the assurance that Plaintiff's position would change from a co-op position to a full-time position once Plaintiff had obtained his degree. Id. ¶¶ 15-19.

During the post-offer, pre-employment process, Plaintiff was subjected to a drug test at the Defendant's facility on June 7, 2022. Id. ¶ 20. Prior to the test, Plaintiff informed Defendant that Plaintiff was certified to use, and did use, medical marijuana to treat a serious health condition. Id. ¶ 21. However, Plaintiff realized that his medical marijuana card had expired. Id. ¶¶ 22-23. He informed the testing center nurse that he had a valid prescription, but that the card was expired. Id. ¶ 24. He asked to postpone the appointment, if necessary, because he had a doctor's appointment the next day, June 8, 2022, and could obtain an updated medical marijuana card at that time. Id. ¶ 25. Plaintiff was told by the nurse that, as long as Plaintiff had an updated medical marijuana card at the time he received the results, it would not be a problem. Id. ¶ 26. Plaintiff went through with the drug test on June 7, 2022.

On June 8, 2022, the day after his drug test, Plaintiff attended his doctor's appointment, where his physician "certified Plaintiff's continued prescription [for] use of medical marijuana, noting that Plaintiff's online certification would be updated immediately, and he would be receiving an updated medical marijuana card in the mail." Id. ¶¶ 27-28. Plaintiff sent Defendant his updated certification for medical marijuana and received the updated card on or around June 12, 2022. Id. ¶¶ 30-31.

On June 15, 2022, Plaintiff received a phone call from Defendant in which he was informed that his offer of employment was rescinded because he had tested positive for marijuana. Id. ¶¶ 32-33. Plaintiff informed the woman making the phone call that he had a medical marijuana card, but the woman stated that the card "did not matter" because this was "Defendant's policy."

Id. ¶¶ 34-36. Plaintiff alleges that Defendant's sole reason for denying him employment was because of his status as an individual certified to use medical marijuana. Id. ¶ 43.

Plaintiff brings two claims:

1. Count I: Discrimination in violation of the PMMA (id. ¶¶ 50-53); and
2. Count II: Discrimination in violation of Pennsylvania public policy (id. ¶¶ 54-57).

Plaintiff seeks $150,000.00 in damages, plus interest, and other relief as just and equitable. Id. at 8.

## II. PROCEDURE AND BRIEFING

Plaintiff brought his Original Complaint in this Court on December 12, 2022. Orig. Compl. (ECF 1). Defendant moved to dismiss, and Plaintiff filed an Amended Complaint on February 27, 2023. 1st Mot. to Dismiss (ECF 7); Am. Compl. (ECF 9). Defendant's First Motion to Dismiss was denied as moot. March 1, 2023 Order (ECF 10). Defendant moved to dismiss the Amended Complaint, and Plaintiff filed a Second Amended Complaint, which is currently the most recent Complaint before this Court. 2nd Mot. to Dismiss (ECF 11); 2nd Am. Compl. (ECF 14). Defendant's Second Motion to Dismiss was denied as moot. April 3, 2023 Order (ECF 15).

Defendant now moves to dismiss Plaintiff's Second Amended Complaint. 3rd Mot. to Dismiss ("Mot.") (ECF 16). Defendant argues that Plaintiff was not certified to use medical marijuana at the time that he tested positive for marijuana because his medical marijuana card was expired. Id. at 3, 7-10. Even if Plaintiff had been certified, Defendant argues that the PMMA does not recognize a private right of action or an explicit public policy right for medical marijuana users. Id. at 5-7. Defendant argues that Plaintiff is not a member of the class for whose especial benefit the PMMA was enacted because Plaintiff was not certified to use medical marijuana at the time of his drug test. Id. at 6. Defendant also argues that there is no indication that the Pennsylvania

legislature intended to create a private right of action, express or implied, through the PMMA. Id. at 6-7.

Plaintiff responds, arguing that another judge on this Court has found a private right of action under the PMMA based on analysis of other states' similar statutes. Resp. (ECF 17) at 6, citing Hudnell v. Thomas Jefferson Univ. Hosps., Inc., 537 F. Supp. 3d 852 (E.D. Pa. 2020) (Pappert, J.). Plaintiff argues that having an expired card at the time of the test does not end the analysis or remove Plaintiff from the class of marijuana users protected under the PMMA, particularly because Defendant had advance notice of Plaintiff's eligibility and re-certification at the time that the adverse employment action was taken. Id. at 7-8, 10-11. Plaintiff argues that at least one Pennsylvania state court has acknowledged a private right to action under the PMMA and Pennsylvania public policy. Id. at 9, 13, citing Palmiter v. Commonwealth Health Sys., 260 A.3d 967, 969 (Pa. Super 2021). Plaintiff argues that the case law cited by Defendant does not apply because, here, Plaintiff was able to show proof of his certification before the adverse employment action was taken. Id. at 12, 13.

Defendant replies, arguing again that Plaintiff was not certified at the time of the drug test, and therefore was not part of the protected class established by the PMMA. Reply (ECF 18) at 2, 3, 5. Defendant argues that, assuming Plaintiff was not protected by the PMMA for four months, his positive drug test indicated illegal use of medical marijuana and therefore was grounds for the negative employment action. Id. at 6. Defendant also argues that, because the Supreme Court of Pennsylvania has not ruled on whether the PMMA provides a private right of action, this Court is not bound to find that there is one. Id. at 2-3.

## III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6)[1], the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff. Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020). To survive this motion, a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Twombly, 550 U.S. at 555). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)). While a court must assume for purposes of a motion to dismiss that the plaintiff can prove the facts alleged in the complaint, "it is not . . . proper to assume that [she] can prove facts that [she] has not alleged[.]" Twombly, 550 U.S. at 563 n.8 (citing Associated Gen. Contractors of Cal. Inc. v. Carpenters, 459 U.S. 519, 526 (1983).

## IV. ANALYSIS

### A. Plaintiff's PMMA Claim

Defendant argues that Plaintiff's claims should fail for, functionally, two reasons: first, because Plaintiff's identification card was expired at the time of the drug test and so he was not provided protected status by the statute, and second, because the PMMA does not provide for a

---

[1] Defendant attached a copy of the expired identification card to its Third Motion to Dismiss. Mot. Ex. 1. Because the expired nature of the identification card is reflected in the Second Amended Complaint, this Court will not consider the exhibit, thereby preventing Rule 12(d) from triggering and requiring this motion to be considered a motion for summary judgment.

private right of action. Because the first is an element in the analysis of the second, this Court will address the two together.

The PMMA provides, in relevant part, that:

> [n]o employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee regarding an employee's compensation, terms, conditions, location or privileges solely on the basis of such employee's status as an individual who is certified to use medical marijuana.

35 P.S. § 10231.2103(b)(1).

Under Pennsylvania law, courts apply a three-part test to determine if a statute implies a private right of action. Cort v. Ash, 422 U.S. 66, 78 (1975). First, the court must ask whether the plaintiff is "one of the class for whose *especial* benefit the statute was enacted." Id. (emphasis original). Second, the court must examine whether there is any indication of legislative intent to create or deny a private remedy. Estate of Witthoeft v. Kiskaddon, 733 A.2d 623, 626 (Pa. 1999). Third, the court must look at whether such a remedy would be consistent with the underlying purpose of the legislative scheme. Id. The third element is not contested by the parties here, and so this Court will not address it.

***1. Whether Plaintiff is a Member of a Protected Class Under the PMMA***

Defendant's core argument is that Plaintiff was not a member of the class protected by the PMMA because his identification card had expired and, therefore, he was not a certified medical marijuana user under the PMMA.

Judge Leeson of this Court has provided the most comprehensive analysis of the PMMA to date. There, Judge Leeson determined that a plaintiff must show that "but for his status as a cardholder, he would not have suffered an adverse employment action." Reynolds v. Willert Mfg. Co., LLC, 567 F. Supp. 3d 553, 559 (E.D. Pa. 2021) (Leeson, J.). To do so, a plaintiff must show "(1) that he was discriminated against on the basis of his status as a cardholder, and (2) that but for

his status, he would not have been terminated." Id. In order to show the first element, a Plaintiff must allege that the employer knew of "his status as a registered medical marijuana patient prior to [the adverse employment action]." Id. at 560.

Assuming that the facts as pleaded in the Second Amended Complaint are true and taken in a light most favorable to the Plaintiff, Plaintiff had a valid identification card at the time of the adverse employment action. 2nd Am. Compl. ¶¶ 30-31. He had also sent Defendant his updated certification for medical marijuana on or around June 12, 2022, prior to the Defendant receiving the positive drug test. Id. ¶¶ 30-31. Id. He also informed the Defendant's representative of his status as a medical marijuana cardholder when the Defendant informed him that the offer of employment was revoked but was told that it "did not matter" to Defendant. Id. ¶¶ 32-36. It is therefore reasonable to infer, based on these facts taken in light most favorable to the Plaintiff, that he was discriminated against on the basis of his status as a medical marijuana cardholder.

To show the second element, a plaintiff must show that his status was the sole reason for the adverse employment action. Reynolds, 567 F. Supp. 3d at 561. Defendant argues that it rescinded the offer of employment because Plaintiff's use of marijuana was not covered by the PMMA because his card had expired four months before the drug test. Mot. at 6. However, according to the facts alleged in the Second Amended Complaint, the justification for denying Plaintiff employment was not that his card was expired at the time of the drug test, but that he used medical marijuana. 2nd Am. Compl. ¶ 43. Taken in the light most favorable to Plaintiff, this suggests that it was Defendant's policy to deny employment on the basis of testing positive for marijuana even if the prospective employee had the protected status of a cardholder.

Defendant's breathless accusations of unlawful use of marijuana merely dodges the core accusation brought by Plaintiff: that Defendant, on notice that Plaintiff had a prescription for

medical marijuana and had renewed that prescription and obtained a newly-valid card, denied Plaintiff employment due to a positive drug test citing a hazy "policy" that does not appear to accommodate the lawful use of marijuana as permitted by the PMMA, thereby discriminating against anyone who was protected under the PMMA. Based on the facts as alleged in the Second Amended Complaint, Defendant has failed to meet even the lowest burden place on an employer to accommodate employees or new hires upon being informed that they have a medical marijuana certification.

Plaintiff has alleged sufficient facts that make it facially plausible that he lawfully obtained medical marijuana with a valid prescription, retained the card while in possession of medical marijuana, took steps to renew the card, informed Defendant of his status as a medical marijuana user, and informed Defendant of his updated card, thereby adhering to the spirit of the PMMA, only for Defendant to deny him employment due to a hazy "policy" that did not accommodate his status as a certified medical marijuana user. As a result, Plaintiff has alleged facts sufficient to show that he was a member of the class of people protected by the PMMA, and that he suffered from an adverse employment action due to plausibly discriminatory behavior by the Defendant. The first Cort factor is therefore satisfied.

***2. Whether the PMMA Contains an Implied Private Right of Action***

Defendant argues that there is no explicit or implicit private right of action under the PMMA. However, Judge Pappert of this Court has found that the PMMA likely implies a private right of action because there is otherwise no means of enforcing Section 2103(b)(1), which provides legal protections for patients who lawfully use medical marijuana, including employment protection prohibiting discrimination on the basis of lawful use of medical marijuana. Hudnell v. Thomas Jefferson Univ. Hosps., Inc., 537 F. Supp. 3d 852, 860 (E.D. Pa. 2020) (Pappert, J.); see

also Reynolds v. Willert Mfg. Co., LLC, 567 F. Supp. 3d 553, 557 (E.D. Pa. 2021) (Leeson, J.) ("The Superior Court of Pennsylvania has held that the PMMA contains an implied right of action for individuals who suffer an adverse employment action on account of their status as a certified user of medical marijuana."). Furthermore, the Pennsylvania Superior Court has acknowledged that the legislature likely intended to create an implied private right of action under the PMMA. Palmiter v. Commonwealth Health Sys., Inc., 260 A.3d 967, 973 (Pa. Super. 2021). Absent direct guidance from the Pennsylvania Supreme Court, it is reasonable for this Court to predict that the Pennsylvania Supreme Court would rule in agreement with the Pennsylvania Superior Court and the two decisions in the Eastern District of Pennsylvania. As such, this Court finds that the legislature intended to create a private right of action under the PMMA.

Because Plaintiff has pleaded sufficient facts to plausibly argue that he was a member of the class protected by the PMMA and because there is evidence that the legislature intended to create a private right of action under the PMMA, this Court finds that Plaintiff can bring a private action under the PMMA. As addressed above, he has pleaded facts that plausibly give rise to an entitlement of relief. Defendant's motion to dismiss Count I shall therefore be denied.

**B. Plaintiff's Public Policy Claim**

The Pennsylvania Superior Court has held a common law public policy right of action for certified users of medical marijuana, specifically that "§ 2103(b)(1) evidences a clear public policy against termination of employment and other types of discrimination based on certified marijuana use off the employment premises." Palmiter v. Commonwealth Health Sys., Inc., 260 A.3d 967, 976-77 (Pa. Super. 2021). This Court agrees.

Defendant argues that Palmiter only establishes a private right of action for certified use of marijuana and that because Plaintiff's identification card was expired at the time of the drug test.

Mot. at 9. Plaintiff argues that he was certified to use medical marijuana at the time of the adverse employment action, and so has adequately stated a claim. Resp. at 13-14.

As addressed above, Plaintiff has alleged facts which, taken as true, are sufficient to show that he was denied employment on the basis of his status as a medical marijuana user, notwithstanding that he had a valid identification card at the time of the adverse employment action. Plaintiff has therefore established a facially plausible claim under Pennsylvania's public policy doctrine, and Defendant's motion to dismiss Count II shall be denied.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss shall be denied. An appropriate Order follows.